**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:12-CV-071-GCM-DCK**

| | |
|---|---|
| WARREN CHRISTOPHER JENKINS, ) ) Plaintiff, ) ) v. ) ) MICHAEL J. ASTRUE, ) Commissioner of Social Security, ) ) Defendant. ) ) | **MEMORANDUM AND RECOMMENDATION** |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff's Motion For Summary Judgment" (Document No. 10) and Defendant's "Motion For Summary Judgment" (Document No. 11). This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B). After careful consideration of the written arguments, administrative record, and applicable authority, the undersigned will respectfully recommend that "Plaintiff's Motion For Summary Judgment" be <u>denied</u>; that Defendant's "Motion For Summary Judgment" be <u>granted</u>; and that the Commissioner's decision be <u>affirmed</u>.

## I.  BACKGROUND

Plaintiff Warren Christopher Jenkins ("Plaintiff"), through counsel, seeks judicial review of an unfavorable administrative decision on his application for disability benefits. (Document No. 1). On or about July 10, 2009, Plaintiff filed an application for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. § 1383 *et seq.*, alleging an inability to work due to a disabling condition beginning June 1, 1991. (Transcript of the Record of Proceedings ("Tr.") 12, 190-198). The Commissioner of Social Security (the "Commissioner" or "Defendant") denied Plaintiff's application initially on October 7, 2009, and again after

reconsideration on December 30, 2009. (Tr. 12). Plaintiff filed a timely written request for a hearing on February 3, 2010. (Tr. 12).

On March 4, 2011, Plaintiff, along with his parents, John and Christy Jenkins, appeared and testified at a hearing before Administrative Law Judge Richard H. Harper ("ALJ"). (Tr. 12, 27-65). In addition, Allison Crews, a vocational expert ("VE"), and Harry B. Crow Jr., claimant's attorney, appeared at the hearing. Id.

The ALJ issued an unfavorable decision on May 26, 2011, denying Plaintiff's claim. (Tr. 9-22). Plaintiff filed a request for review of the ALJ's decision on June 20, 2011, which was denied on December 22, 2011. (Tr. 1-3). The May 26, 2011 ALJ decision thus became the final decision of the Commissioner when the Appeals Council denied Plaintiff's review request. (Tr. 1).

Plaintiff's "Complaint" seeking a reversal of the ALJ's determination was filed in this Court on February 6, 2012. (Document No. 1). On February 7, 2012, the undersigned was assigned to this case as the referral magistrate judge. "Plaintiff's Motion For Summary Judgment" and "Memorandum In Support Of Plaintiff's Motion For Summary Judgment" (Document No. 10), were filed July 11, 2012; and Defendant's "Motion For Summary Judgment" (Document No. 11) and Defendant's "Memorandum In Support Of Summary Judgment" (Document No. 12), were filed September 6, 2012. The pending motions are ripe for disposition, and therefore, a memorandum and recommendation to the Honorable Graham C. Mullen is appropriate.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the

Commissioner's decision; and (2) whether the Commissioner applied the correct legal standards. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456 (4th Cir. 1990); see also, Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Hancock v. Astrue, 657 F.3d 470, 472 (4th Cir. 2012). "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case de novo when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion."). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, at any time since June 1, 2009, the date the

application was filed.[1]  (Tr. 12, 21-22).  To establish entitlement to benefits, Plaintiff has the burden of proving that he was disabled within the meaning of the Social Security Act.  Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).  The ALJ concluded that Plaintiff was not under a disability at any time from June 1, 2009, through the date of his decision, May 26, 2011.  (Tr. 21-22).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled.  20 C.F.R. § 404.1520(a).  The five steps are:

> (1) whether claimant is engaged in substantial gainful activity - if yes, not disabled;
>
> (2) whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509 - if no, not disabled;
>
> (3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1, and meets the duration requirement - if yes, disabled;
>
> (4) whether claimant has the residual functional capacity ("RFC") to perform her/his past relevant work - if yes, not disabled; and
>
> (5) whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work - if yes, not disabled.

20 C.F.R. § 404.1520(a)(4)(i-v).  In this case, the ALJ determined at the fifth step that Plaintiff was not disabled.  (Tr. 20-21).

---

[1] Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.  Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

Specifically, the ALJ first concluded that Plaintiff had not engaged in any substantial gainful activity since June 1, 2009, his application date. (Tr. 14). At the second step, the ALJ found that birth trauma – left hemisphere impaired, Asperger's, and attention deficit hyperactivity disorder, were severe impairments.[2] (Tr. 14). At the third step, the ALJ determined that Plaintiff did not have an impairment, or combination of impairments, that met or medically equaled one of the impairments listed in 20 C.F.R. 404, Subpart P, Appendix 1. (Tr. 14).

Next, the ALJ assessed Plaintiff's RFC and found that he retained the capacity to perform medium activity, with the following limitations:

> limited to simple routine, repetitive, requirements vocationally; low stress; a non production nature; no assembly line or speed factor; and would need a job with limited interaction with large numbers of coworkers or the public, dealing with things rather than people

(Tr. 15). In making his finding, the ALJ specifically stated that he "has the residual functional capacity to perform medium work." Id.

At the fourth step, the ALJ found that Plaintiff has no past relevant work. At the fifth and final step, the ALJ concluded based on the testimony of a vocational expert and "considering the claimant's age, education, work experience, and residual functional capacity" that jobs existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 20). Specifically, the vocational expert testified that according to the factors given by the ALJ, occupations claimant could perform included representative occupations such as a cleaner, a hand packager, and a cafeteria worker. (Tr. 20-21). Therefore, the ALJ concluded that Plaintiff was not under a

---

[2] The determination at the second step as to whether an impairment is "severe" under the regulations is a de minimis test, intended to weed out clearly unmeritorious claims at an early stage. See Bowen v. Yuckert, 482 U.S. 137 (1987).

5

"disability," as defined by the Social Security Act, at any time between June 1, 2009, and the date of his decision, May 26, 2011. (Tr. 21-22).

Plaintiff on appeal to this Court concludes that the "decision of the Commissioner . . . is not supported by substantial evidence." (Document No. 10, p.13). Plaintiff's brief does not clearly set forth specific assignments of error, but generally argues that: (1) the ALJ improperly assessed Plaintiff's alleged mental impairments; and (2) the RFC finding is not supported by substantial evidence. (Document No. 10). The undersigned will address these arguments in turn.

A.  **Mental Impairment**

The ALJ found that that Plaintiff's "mental impairments, considered singly and in combination, do not meet or medically equal the criteria of listings 12.02 and 12.10." (Tr. 14). The ALJ noted that he had considered the "paragraph B" criteria that

> the mental impairments must result in at least two of the following: marked restriction of activities of daily living; marked difficulties in maintaining social functioning; marked difficulties in maintaining concentration, persistence, or pace; or repeated episodes of decompensation, each of extended duration.

Id. The ALJ concluded that Plaintiff's mental impairments "do not cause at least two 'marked' limitations or one 'marked' limitation and 'repeated' episodes of decompensation . . . the evidence fails to establish the presence of 'paragraph C' criteria." (Tr. 14-15).

Plaintiff contends that the diagnoses of his treating physician, Dr. Kenneth D. Ashkin, "establish the disorientation to time and place, the memory impairment, the perceptual thinking disturbances, the disturbance in mood, and the emotional []ability required by subsection A and illustrated by testimony presented at the hearing." (Document No. 10, p.10). Plaintiff also contends that the "testimony at the hearing . . . certainly established the marked restriction and difficulties and repeated episodes of decompensation . . . described in subsection B." Id. And

6

Plaintiff concludes that "the medical evidence and testimony presented at the hearing established the severity required to qualify for disability under subsection C of listing 12.02." Id.

The undersigned finds Defendant's analysis of the ALJ's decision compelling. (Document No. 12, pp.4-11). Defendant thoroughly addresses the ALJ's consideration of both the medical evidence of record and the hearing testimony in reaching his decision. Id. Although Plaintiff disagrees with the ALJ's decision, it is clear to the undersigned that the ALJ relied on substantial evidence in reaching that decision. (Tr. 15-19).

In particular, the undersigned notes that the ALJ recognized Dr. Ashkin's opinion that Plaintiff "continued to benefit" from his medications and that "[h]e was better able to focus and concentrate and reported that his mood was better on the medications." (Tr. 17); see also, (Tr. 393, 396). The ALJ also appears to have carefully considered Dr. Batchelor's records, noting among other things that Dr. Batchelor considered Plaintiff's thoughts to be "logical and his insight and judgment improving." (Tr. 19). Dr. Batchelor opined that Plaintiff "will be best suited for a job that requires rote routine activity that does not involve any complex reasoning, decision making, spatial or complex motor skills" and recommended vocational rehabilitation services. (Tr. 301-302).

**B.     RFC Evaluation**

Plaintiff further suggests that the ALJ's finding regarding Plaintiff's RFC was not supported by substantial evidence. (Document No. 10, p.12). Plaintiff essentially argues that the ALJ did not properly weigh Plaintiff's parents' testimony. Id. However, the undersigned agrees with Defendant's assessment that

> the ALJ satisfied his duty of explaining what evidence informed his decision not to fully credit Plaintiff's parents' testimony, noting that while it was natural for a parent to try to protect their child [by highlighting his alleged limitations], the medical evidence

> conflicted with the parent's views of Plaintiff's limitations, and
> their own testimony contained internal consistencies as well.

(Document No. 12, p.11) (citing Tr. 19).

After careful review of the ALJ's decision, the hearing transcript, and the medical records, the undersigned is persuaded that the ALJ relied on substantial evidence in reaching his opinion about Plaintiff's RFC. Moreover, it appears that the RFC finding is consistent with the medical records, including the notes of both Dr. Ashkin and Dr. Batchelor.

### IV. CONCLUSION

The undersigned finds that there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and thus substantial evidence supports the Commissioner's decision. Richardson v. Perales, 402 U.S. 389, 401 (1971); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). As such, the undersigned will recommend that the Commissioner's decision be affirmed.

### V. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that: "Plaintiff's Motion For Summary Judgment" (Document No. 10) be **DENIED**; Defendant's "Motion For Summary Judgment" (Document No. 11) be **GRANTED**; and the Commissioner's determination be **AFFIRMED**.

### VI. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within fourteen (14) days of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and

Recommendation with the District Court constitutes a waiver of the right to de novo review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED**.

Signed: March 22, 2013

David C. Keesler
United States Magistrate Judge